United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**NO. 01-50858**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LEE ARTURO CHACON,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
P-00-CR-412-F**

Before GARWOOD, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        This case returns to the panel following remand to the

district court to determine the proper scope of the immigration

inspection at issue and to evaluate whether probable cause existed

to arrest Chacon.  See United States v. Chacon, 330 F.3d 323, 329

(5th Cir. 2003) ("Chacon I").  Having now reviewed the factual

findings and legal determinations made by the district court on

remand, we find them consistent with this court's precedents and

therefore **AFFIRM** the district court's grant of Chacon's motion to

_____

        [*]        Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

suppress and **REMAND** with instructions to vacate Chacon's conviction.

## I. BACKGROUND

On November 6, 2000, Border Patrol Agent Jade A. Woodruff boarded an Americanos bus originating in El Paso, Texas, at the Sierra Blanca immigration checkpoint. Agent Woodruff proceeded through the bus asking for identification and questioning the occupants regarding their immigration status. When Agent Woodruff approached Chacon and his juvenile companion, Julio Carrillo, to inquire about their citizenship, they identified themselves as U. S. citizens. Agent Woodruff, noting that the two gave somewhat awkward responses, continued to the back of the bus and inspected the restroom in the rear. While heading back to the front of the bus, Agent Woodruff noticed the luggage stowed under Chacon's and Carrillo's seats and began to wonder if the bags might contain narcotics. He then stopped next to the two passengers and began to question them regarding their itinerary and the contents of their luggage. After obtaining consent to search the bags, Agent Woodruff discovered a nine-pound bundle of marijuana in Carrillo's bag. The two were arrested and escorted off the bus.

During the proceedings before the district court, Chacon moved to suppress the evidence obtained as a result of the search and his statements made following the search. The district court initially denied this motion in an order dated May 25, 2001.

2

Chacon then conditionally pled guilty to possession with intent to distribute less than 50 kilograms of marijuana, and was sentenced, inter alia, to ten months of imprisonment.  On appeal, this panel noted that the district court had "made no explicit finding whether Agent Woodruff had or had not completed his immigration inquiries of Chacon and Carrillo as he walked from the rear to the front of the bus (or whether the bus's immigration detention was unduly prolonged.)"  See Chacon I, 330 F.3d at 329.  The district court also "failed to address Chacon's argument that Agent Woodruff lacked probable cause to arrest him simply because he was traveling with a juvenile who was carrying marijuana in his baggage."  Id.  On remand, the district court found that Agent Woodruff had completed his immigration inquiries of Chacon and Carrillo by the time he returned from the back of the bus.  See United States v. Chacon, 2003 WL 22231298, at *4 (W.D. Texas, Sept. 19, 2003) ("Chacon II").  Because the district court found that Agent Woodruff's additional questioning of Chacon and Carrillo did not conform to the immigration purpose of the initial stop, it held that under this court's decision in United States v. Portillo-Aguirre, 311 F.3d 647 (5th Cir. 2002), the detention was unduly prolonged and was therefore improper under the Fourth Amendment.  Chacon II, 2003 WL 22231298 at *7-*10.  As a result, the district court reversed its initial denial of Chacon's motion to suppress and granted the motion as to all the evidence derived from the search, as well as Chacon's subsequent statement.  Chacon II, 2003

3

WL 22231298 at *11. The district court also decided that, even if the search had been constitutional, Agent Woodruff would not have had the requisite probable cause to arrest Chacon merely because he was traveling with Carrillo. Id. at *12-*13. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

When analyzing a ruling on a motion to suppress, this court reviews questions of law de novo and findings of fact for clear error. See Chacon I, 330 F.3d at 326 (citing United States v. Castro, 166 F.3d 728, 731 (5th Cir. 1999) (en banc)).

### B. Scope of the Stop

Acting at the behest of this court, on remand the district court undertook a comprehensive review of the evidence adduced at trial and noted that Agent Woodruff made "five unequivocal statements to the effect that he had completed the immigration purpose of the stop" before proceeding from the back of bus toward the front. See Chacon II, 2003 WL 22231298 at *3. At the same time, however, two other statements made by Agent Woodruff on cross-examination appeared to conflict with his statements that he had completed the immigration purpose of the stop. Id. To reconcile the statements, the district court carefully examined their context and determined that Agent Woodruff had resolved the immigration status of both Chacon and Carrillo before he prolonged

4

the detention of the bus through his questioning.  Id. at *4. Regardless how this court might have evaluated the transcript, we find no clear error in this factual finding.

The district court accordingly determined that Agent Woodruff's additional questioning of Chacon and Carrillo was not objectively reasonable because it did not conform to the justifying purpose of the stop — determining the citizenship status of persons traveling through the Sierra Blanca checkpoint.  Id. at *5-*7.  The district court applied this court's decision in Portillo-Aguirre, a case involving the same checkpoint, the same Border Patrol agent and a similar factual scenario.  In Portillo-Aguirre, this court held that where a border patrol agent has completed the immigration purpose of a stop, questioning that unduly prolongs the duration of the stop may be improper under the Fourth Amendment.  See United States v. Portillo-Aguirre, 311 F.3d at 657 (holding that "if an agent does not develop reasonable suspicion of [criminal] activity before the justifying purpose of a checkpoint stop has been accomplished, he may not prolong the stop").  The district court's legal determination, based on its factual determination that the immigration purpose of the stop was completed before the stop was extended by Agent Woodruff's additional drug-interdiction questions, necessarily follows from Portillo-Aguirre.

Notwithstanding this case, we continue to read Portillo-Aguirre to hold only that where an agent acknowledges that the immigration purpose of a stop has been completed, further

5

questioning may impermissibly extend the stop, and we reiterate that Portillo-Aguirre "does not establish an inflexible rule concerning immigration checkpoints that limits agents to one set of questions." Chacon I, 330 F.3d at 327-29. Moreover, there is no evidence here, based on the court's findings, that the agent was alerted to additional facts that might have raised a reasonable suspicion of criminal activity as he was proceeding down the aisle after checking the bathroom. As a result, the evidence seized as a result of the improper search, as well as Chacon's statements to authorities following his arrest, must be suppressed.

## C. Probable Cause for Arrest

Because we have affirmed the district court's suppression ruling, we need not reach the question whether probable cause existed to arrest Chacon.

### III. CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's grant of the motion to suppress and **REMAND** with instructions to vacate Chacon's conviction.

6